**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Richard Olawale, | : | Case No. 1:10 CV 1733 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| | : | |
| Department of Homeland Security, Customs and Immigration Enforcement. | : | |
| Respondent, | : | |

    This case was referred to the undersigned Magistrate for report and recommendation. Pending are (1) Petitioner's Petition under 28 U. S. C. § 2241 for Writ of Habeas Corpus and Respondent's Answer (Docket Nos 1 & 14) and (2) Petitioner's Motion for Expedited Decision, Respondent's Response, Petitioner's Reply and Respondent's Notice of Denial of Petition for Review (Docket Nos. 23, 24, 25 & 26). For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and deny as moot the Motion for Expedited Decision.

### I. PARTIES

    Petitioner is a native and citizen of the Federal Republic of Nigeria. At the time he filed the Petition, he was detained at the Bedford Heights City Jail in Cleveland, Ohio.

Respondent is responsible for providing immigration related services for enforcement of federal immigration laws, customs and air security laws.  A priority has been the identification and removal of criminal aliens who pose a threat to public safety.  Www.dhs.gov

## II. Factual and Procedural backgrounds.

Petitioner arrived in the United States at or near New York City, New York, on or about January 1990 (Docket No. 14, Exhibit 1, ¶s 3 & 4).  Petitioner was admitted to the United States pursuant to a B-2 Non-Immigrant for Pleasure Visa.  He was granted permission to remain in the United States until July 19, 1990.  Upon the expiration of his visa, Petitioner remained in the United States (Docket No. 14, Exhibit 1, ¶s 4 & 5).

The June 2000 grand jury for the Central District of California indicted Petitioner on:

| | |
|---|---|
| Counts 1-7: | Aiding and betting bank fraud, a violation of 18 U. S. C. § 1344, 2(a); |
| Counts 8, 9 & 10: | Knowingly possessing or using the means of identification of another with intent to commit any unlawful activity, a violation of 18 U. S. C. § 1028(a)(7); |
| Count 11: | Knowingly and with intent to defraud, traffics in or uses one or more unauthorized access devices during any one year period and by such conduct, obtained money totaling more than $1000, a violation of 18 U. S. C. § 1029(a)(2); |
| Count 12: | Knowingly and willfully conspiring to commit offenses against the United States with knowledge that the property involved a financial transaction represented the proceeds of some form of unlawful activity, a violation of 18 U. S. C. § 1956(h). |
| Counts 13-17: | Knowingly and willfully conducted, attempted to conduct, and aided and abetted and procured the following financial transactions affecting interstate and foreign commerce, knowing that the property involved in each transaction represented proceeds of some form of unlawful activity. |

(Docket No. 14, Exhibit 2).

Petitioner, represented by counsel, entered a plea of guilty to counts one through nine and twelve through seventeen of the indictment. On September 17, 2002, the court sentenced Petitioner to the custody of the Bureau of Prisons to be imprisoned for a term of 125 months on each count, to be served

concurrently (Docket No. 14, Exhibit 3).

On March 25, 2003, Petitioner was served with an oral notice to appear before an Immigration Judge to show why he should not be removed from the United States (Docket No. 14, Exhibit 4). On April 5, 2004, an Immigration Judge ordered that Petitioner be removed from the United States to Nigeria, that Petitioner's request for asylum and withholding removal be "pretermitted" (disregarded) and that Petitioner's application for withholding and deferral of removal under the Torture Convention be denied (Docket No. 14, Exhibit 5). The Board of Immigration Appeals affirmed the decision of the Immigration Judge on August 30, 2004 (Docket No. 14, Exhibit 6).

On May 13, 2010, a deportation officer requested a travel document from the Nigerian Embassy to facilitate Petitioner's removal from the United States (Docket No. 14, Exhibit 8). Petitioner was released from prison on July 6, 2010. On July 7, 2010, Immigration and Naturalization Services (INS) detained Petitioner. On February 25, 2011, the United States Court of Appeals for the Ninth Circuit denied Petitioner's petition for review and ordered him removed to Nigeria (Docket No. 26, Exhibit 1).

### III. DISCUSSION

Petitioner contends that he has been wrongfully detained. Respondent submits that even if wrongly detained, Petitioner has failed to direct the writ of habeas corpus to the person having custody of the person detained. Alternately, Respondent argues that Petitioner is properly detained.

United States district courts have jurisdiction to hear and determine petitions for writs of habeas corpus seeking review of a final decision regarding alien deportation, but the scope of that jurisdiction is limited to review of "purely legal statutory and constitutional claims." *Nganga v. District Director, Cleveland United States Immigration and Customs Enforcement,* 2010 WL 2891564, *2 (N. D. Ohio 2010) (*citing Calcano-Martinez v. Immigration and Naturalization Services (INS),* 232 F.3d 328, 342 (2nd

Cir.2000), *aff'd,* 121 S. Ct. 2268, 2270 (2001)). The district court's power to grant a writ of habeas corpus extends to a prisoner who is in custody under color of the authority of the United States. 28 U.S.C. § 2243 (Thomson Reuters 2011). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Roman v. Ashcroft,* 340 F.3d 314, 319 -321 (6th Cir. 2003) (*citing Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1129 (1973)). To evaluate jurisdiction, a court therefore must first identify the petitioner's custodian and then determine whether it has personal jurisdiction over that custodian. *Id.*

The question of who is 'the custodian,' and therefore the appropriate respondent in a habeas suit, depends primarily on who has power over the petitioner and . . . on the convenience of the parties and the court. *Id.* (*citing Henderson v. INS,* 157 F.3d 106, 122 (2nd Cir. 1998), *cert. denied*, 119 S. Ct. 1141 (1999)). As a general rule, a petitioner should name as a respondent to his or her habeas corpus petition "the individual having day-to-day control over the facility in which [the alien] is being detained." *Id.* (*citing Vasquez v. Reno,* 233 F.3d 688, 696 (1st Cir. 2000), *cert. denied,* 122 S. Ct. 43 (2001)). This is known as the "immediate custodian rule" because it recognizes only the petitioner's "immediate" or "direct" custodian as the "person having custody" over him or her under Section 2243. *Id.* at 319-320. Pursuant to the immediate custodian rule, a prisoner filing a habeas corpus petition should generally name as a respondent the warden of the prison where he is confined. *Id*. (*citing Vasquez,* 233 F.3d at 691). Courts have deemed these immediate custodians proper respondents to habeas corpus petitions as a "practical" matter "based on common sense administration of justice." *Id.* (*citing Sanders v. Bennett,* 148 F.2d 19, 20 (D. C. Cir.1945)). Similarly a detained alien filing a habeas corpus petition should generally name as a respondent the person exercising daily control over his or her affairs. *Id.* Courts have said that a detained alien's immediate custodian is either the warden of the facility where the alien is detained or

the INS District Director of the district where a detention facility is located has the power over alien habeas corpus petitioners. *Id*.

Here, Petitioner is detained at the Bedford Heights Correctional Facility, an Ohio jail, not an INS detention facility. Under the immediate custodian rule, the sheriff in the county where the jail operates, exercises daily control over the affairs of all persons detained in the jail. Therefore the sheriff, not Respondent, is Petitioner's immediate custodian for habeas corpus purposes. Respondent is not a proper party to this litigation.

Even if Respondent were the proper party to this litigation, Petitioner's detention is authorized under the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), codified at 8 U. S. C. § 1231(a)(2). Ordinarily after a final order of removal has been entered against an alien, the government must remove the alien from the United States within a ninety day statutory removal period, during which the alien's detention is mandatory. *Rosales-Garcia v. Holland* 322 F.3d 386, 403 (6th Cir. 2003) *cert. denied,* 123 S. Ct. 2607 (2003) (*citing* 8 U.S.C. §§ 1231(a)(1)(A) (2000) ("Except as otherwise provided in the section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of ninety days (in this section referred to as the 'removal period'") & (2) ("During the removal period, the Attorney General shall detain the alien."); *see also Zadvydas v. Davis,* 121 S. Ct. 2491, 2494-2495 (2001) (*citing* 8 U.S.C. § 1231(a)(6) (2000)), which provides, however, that:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

*Id.* at 403-404 (*citing* 8 U.S.C. § 1231(a)(6) (2000)).

At the conclusion of the ninety day period, the alien may be released under the Attorney General's

5

supervision, 8 U.S.C. § 1231(a)(3), or detained beyond the ninety day removal period if he is "inadmissible under section 1182 of this title." 8 U.S.C. § 1231(a)(6) (Thomson Reuters 2011). However, the INS regulations provide that if the removal order is judicially challenged and a court orders a stay of removal, then the removal period begins to run on the date of the court's final order on the challenge to removal. 8 U.S.C. § 1231(a)(1)(B)(ii); *see also* 8 C.F.R. § 241.4(g)(1)(i)(B). Only after adjudication of the alien's challenge and the stay is lifted must ICE provide a meaningful custody review in accordance with the procedures set forth in 8 C.F.R. § 241.4(i).

Recognizing that permitting indefinite detention of an alien who will be removed on the grounds of deportability creates a constitutional problem, the Supreme Court has concluded that the detention provision limits the period to one which is reasonably necessary to bring about that alien's removal from the United States. *Rosales, supra,* 322 F. 3d at 422 (*citing Zadvydas, supra*, 121 S. Ct. at 2498). In fact, the Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* (*citing Zadvydas*, 121 S. Ct. at 2503-2505.

Petitioner is a deportable alien. Pursuant to 8 U. S. C. § 1227(a) (2) (A) (ii), any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable. The Court of Appeals affirmed his deportability on February 25, 2011, when it ordered Petitioner removed to Nigeria. While the United States prepares to bring about Petitioner's removal from the United States, detention is mandatory commencing on February 25, 2011, for at least ninety days. At this juncture, Petitioner has no legally cognizable claim for which this Court can order the relief requested.

### IV. CONCLUSION.

6

Petitioner fails to state a plausible claim for relief against the proper party to this litigation. Alternately, Petitioner is properly detained. Therefore, the Magistrate recommends that the Court dismiss the Petition for Writ of Habeas Corpus, deny as moot the Motion for Expedited Decision and terminate the referral to the undersigned Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: March 2, 2011

## VIII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely

objections to a report and recommendation.