IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD OLAWALE,** | ) | **CASE NO. 1:10 CV 1733** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **DEPARTMENT OF HOMELAND** | ) | Magistrate Judge Vernelis K. Armstrong |
| **SECURITY, CUSTOMS** | ) | |
| **AND IMMIGRATION ENFORCEMENT,** | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Vernelis K. Armstrong (Docket #27). On August 9, 2010, Petitioner, Richard Olawale, filed his Petition pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus (Docket #1). On December 2, 2010, Petitioner filed a Motion for Expedited Decision (Docket #23). The Magistrate Judge recommends that the Court deny the Petition for Writ of Habeas Corpus and deny as moot the Motion for Expedited Decision.

**Factual and Procedural Background**

Petitioner is a native and citizen of the Federal Republic of Nigeria. Petitioner arrived in the United States at or near New York City, New York, on or about January 1990 (Docket #14, Exhibit 1, ¶s 3 & 4). Petitioner was admitted to the United States pursuant to a B-2 Non-

Immigrant for Pleasure Visa. He was granted permission to remain in the United States until July 19, 1990. Upon the expiration of his visa, Petitioner remained in the United States (Docket #14, Exhibit 1, ¶s 4 & 5).

In 2000, Petitioner was indicted in the Central District of California on the following charges:

| | |
|---|---|
| Counts 1-7: | Aiding and betting bank fraud, a violation of 18 U. S. C. § 1344, 2(a); |
| Counts 8, 9 & 10: | Knowingly possessing or using the means of identification of another with intent to commit any unlawful activity, a violation of 18 U. S. C. § 1028(a)(7); |
| Count 11: | Knowingly and with intent to defraud, traffics in or uses one or more unauthorized access devices during any one year period and by such conduct, obtained money totaling more than $1000, a violation of 18 U. S. C. § 1029(a)(2); |
| Count 12: | Knowingly and willfully conspiring to commit offenses against the United States with knowledge that the property involved a financial transaction represented the proceeds of some form of unlawful activity, a violation of 18 U. S. C. § 1956(h). |
| Counts 13-17: | Knowingly and willfully conducted, attempted to conduct, and aided and abetted and procured the following financial transactions affecting interstate and foreign commerce, knowing that the property involved in each transaction represented proceeds of some form of unlawful activity. |

(Docket #14, Exhibit 2).

Petitioner ultimately pled guilty to all counts and was sentenced to 125 months in prison. (Judgment and Probation/Commitment, Docket #14, Government Exhibit C.)  He was also ordered to pay restitution in the total amount of $1,393,129.04 jointly and severally with one co-participant. (Id.)

On March 25, 2003, Petitioner was served with an oral notice to appear before an Immigration Judge to show why he should not be removed from the United States (Docket #14, Exhibit 4). On April 5, 2004, an Immigration Judge ordered that Petitioner be removed from the

United States to Nigeria; that Petitioner's request for asylum and withholding removal be "pretermitted" (disregarded); and, that Petitioner's application for withholding and deferral of removal under the Torture Convention be denied (Docket #14, Exhibit 5). The Board of Immigration Appeals affirmed the decision of the Immigration Judge on August 30, 2004 (Docket #14, Exhibit 6).  On September 22, 2004, Petitioner filed a Petition for Review in the Ninth Circuit Court of Appeals and obtained a stay of removal.

On May 13, 2010, a deportation officer requested a travel document from the Nigerian Embassy to facilitate Petitioner's removal from the United States (Docket # 14, Exhibit 8). Petitioner was released from prison on July 6, 2010 and on July 7, 2010, he was detained by U.S. Immigration and Customs Enforcement ("ICE") officers.  Petitioner filed his Petition for Writ of Habeas Corpus on August 9, 2010 with this Court.  On February 25, 2011, the United States Court of Appeals for the Ninth Circuit denied Petitioner's Petition for Review and ordered him removed to Nigeria.   (Docket #26, Exhibit 1.)

Petitioner contends that he has been wrongfully detained.  Respondent asserts that the detention is lawful and that Petitioner failed to name the proper Defendant in this case individually.  (Docket #14.)

On March 8, 2011, the Magistrate Judge issued her Report and Recommendation, recommending that the Petition be denied, agreeing with Respondent that Petitioner failed to name the proper Defendant in this case and further, finding Petitioner's detention to be proper. The Magistrate Judge noted that pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), as a deportable alien, Petitioner's detention is mandatory.  While he must be removed from the United States within 90 days after the final order of removal, the 90-day period began to run on February 25, 2011, when the Court of Appeals affirmed Petitioner's deportability.  Therefore, Petitioner has no legally

cognizable claim upon which relief can be granted.

On April 12, 2011, Petitioner filed his Response to the Magistrate Judge's Report and Recommendation.  (Docket #29.)  Petitioner argues that the Court has jurisdiction to order his release on the basis that his detention after final removal order has extended beyond six months.  Specifically, Petitioner argues that the final order of removal was issued in 2004, during his incarceration for the crimes he committed in California.  Further, Petitioner argues that because the Bedford Heights City Jail houses ICE detainees, it is an ICE detention facility and, therefore, that he has named the proper party in this action.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo.  FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

### Discussion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo,* considering the objections of Petitioner.  The Court agrees with the conclusion of the Magistrate Judge that Petitioner failed to identify the appropriate individual respondent in this case.  However, while the Magistrate Judge concluded the proper individual respondent in this case is the Cuyahoga County Sheriff, decisions in the Sixth Circuit indicate that the ICE Director for the district where the detention facility is located should be the individually named respondent.

*Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003).  In this case, the Government indicates that the Field Office Director with jurisdiction over Petitioner is Rebecca Adducci.  Neither Ms. Adducci, nor any other individual was named as a respondent.  Therefore, the Court agrees that Petitioner has failed to name the proper party in this case.

Regardless, even if Petitioner had named the proper respondent in this case, his detention is lawful.  Petitioner appears to rely upon the decision in *Rosales-Garcia v. Holland*, 322 F.3d 386, 403 (6th Cir. 2003), cited by the Magistrate Judge, in arguing that because he has been detained for over 6 months, he should be released.

Petitioner's deportation was ordered in 2004, while he was serving his sentence for the Federal crimes to which he pled guilty in California.  On September 22, 2004, Petitioner filed a Petition for Review in the Ninth Circuit Court of Appeals and obtained a stay of removal.  Petitioner was incarcerated for his Federal crimes until July 6, 2010.  The day after his release from prison, Petitioner was legally detained by ICE pursuant to INA § 241(a)(2), 8 U.S.C. § 1231(a)(2).

Section 241(a) includes a requirement that removal occur within 90 days of detention.  The removal period begins on the date the order of removal becomes administratively final, or "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."  See INA § 241(a)(a)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii).   On February 25, 2011, the United States Court of Appeals for the Ninth Circuit denied Petitioner's Petition for Review and ordered him removed to Nigeria.  Thus, the 90-day removal period did not begin to run until February 25, 2011.

However, as discussed by the Magistrate Judge and recognized by Petitioner, Petitioner may be detained longer than 90 days once his deportation has been ordered.  8 U.S.C. §

1231(a)(6). The United States Supreme Court concluded that detention beyond 90 days is limited to a period which is reasonable necessary to bring about the alien's removal from the United States. *Zadvydas v. Davis*, 121 S. Ct. 2491, 2494-2495 (2001). In *Zadvydas*, the Supreme Court recognized six months as a presumptively reasonable length of the post-removal-period detention, but also stated that the "6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 2505. The 90-day removal period has not yet run, and Petitioner may be detained beyond the 90-day removal period pending his removal from the United States. Accordingly, Petitioner has failed to raise a legally cognizable claim relative to the length of his detention.

## Conclusion

Based on the foregoing, the Court hereby ADOPTS the Report and Recommendation of the Magistrate Judge (Docket #27). Petitioner's Petition for Writ of Habeas Corpus (Docket #1) is hereby DENIED. Petitioner's Motion for Expedited Decision (Docket #23) is hereby DENIED AS MOOT.

IT IS SO ORDERED.

s/Donald C. Nugent<br>
DONALD C. NUGENT<br>
United States District Judge

DATED: April 26, 2011